John F. Tratnyek Bar Id. # 027561991
JACKSON LEWIS P.C.
200 Connell Drive
Suite 2000
Berkeley Heights, New Jersey 07922
T: (908) 795-5200
F: (908) 464-2614
Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIEARRAH BADGER,<br><br>        Plaintiff,<br>v.<br><br>WINGATE MANAGEMENT COMPANY, LLC and, JOHN DOES 1-5 AND 6-10,<br><br>        Defendants. | Hon._____, U.S.D.J.<br>Civil Action No. _____ (____/____)<br><br>**NOTICE AND PETITION FOR REMOVAL OF CASE FROM THE SUPERIOR COURT OF NEW JERSEY, LAW DIVISION, ESSEX COUNTY** |

TO: William T. Walsh, Clerk of Court,
    United States District Court for the District of New Jersey
    Martin Luther King Building & U.S. Courthouse
    50 Walnut Street Room 4015
    Newark, NJ 07101

    Kevin M. Costello, Esq.
    Costello & Mains, LLC
    1800 Horizon Way, Suite 800
    Mount Laurel, NJ 08054

    Defendant, Wingate Management Company, LLC ("Wingate" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully submits this Notice and Petition for Removal of a Case from the Superior Court of New Jersey, Law Division, Essex County, bearing Docket No. ESX-L-05489-21, and as grounds for removal alleges as follows:

1. On July 14, 2021, Plaintiff Tiearrah Badger ("Plaintiff") filed a civil action captioned Tiearrah Badger v. Wingate Management Company, LLC and John Does 1-5 and 6-10, Docket No. ESX-L-05489-21, in the Superior Court of New Jersey, Law Division, Essex County. A true and correct copy of the Complaint in that action is attached hereto as Exhibit A.

2. Defendant was served with a copy of the Summons and Complaint on July 26, 2021.

3. This Notice and Petition for Removal is timely filed within the provisions of 28 U.S.C. § 1446. Defendant has affected removal within thirty (30) days of receipt by it of a paper from which it could first be ascertained that this action is removable. See 28 U.S.C. § 1446.

4. No proceedings have taken place in the state court action. Defendant has not served an Answer or other responsive pleading to Plaintiff's Complaint or made any appearance or argument before the Superior Court of New Jersey.

5. In her Complaint, Plaintiff alleges, *inter alia*, that Defendant violated her rights under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. §§ 10:5-1 *et seq*. (See Exhibit A, Counts I through V).

6. Defendant, Wingate Management Company, LLC, is a limited liability company ("LLC") with its principal place of business located at 100 Wells Ave., Newton MA 02459. The sole member of Wingate Management Company, LLC is The Wingate Companies, LLC which is domiciled in Massachusetts. The sole member of The Wingate Companies, LLC is Wingate Holdings, LLC which is domiciled in Massachusetts. The sole member of Wingate Holdings, LLC is The Mark S. Schuster Family 2005 Irrevocable Trust which is a traditional trust. The trustee of The Mark S. Schuster Family 2005 Irrevocable Trust is Mark Schuster, who is domiciled within the State of Massachusetts. None of the beneficiaries of The Mark S. Schuster

Family 2005 Irrevocable Trust are domiciled within the State of New Jersey.

7. The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) on the basis of this Court's diversity jurisdiction. This case may therefore be removed pursuant to 28 U.S.C. § 1441(a), which provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. This action is one over which this Court has original jurisdiction. Pursuant to 28 U.S.C. § 1332(a)(1), the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. The citizenship of an LLC for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a) is determined by the citizenship of the members of the LLC. See e.g. Okechuku v. Sharp Mgmt., 522 B.R. 762 (D.N.J. 2014). The citizenship of a traditional trust for purposes of diversity jurisdiction is determined by the citizenship of its trustee. GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29 (3d Cir. 2018). This action is asserted solely against Wingate Management Company, LLC, which is not a resident of the State of New Jersey as none of its members are residents of the State of New Jersey. (See Exhibit A). Plaintiff seeks compensatory damages, punitive damages, and reinstatement which exceed the sum or value of $75,000. This action is removable to this Court pursuant to 28 U.S.C. § 1441(a) because the parties are diverse in their citizenship and matter in controversy exceeds the sum or value of $75,000.

9. Accordingly, this action is removable to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332 and 1441(a).

10. Defendant submits this Notice and Petition for Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding that Plaintiff has pleaded claims upon which relief may be granted.

## VENUE

Pursuant to 28 U.S.C. §§ 1441(a), venue lies in the United States District Court for the District of New Jersey because the state action was filed in this District and this is the judicial district in which the action arose.

## NOTICE

Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of the removal of this action to all adverse parties and has filed a copy of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, Essex County.

By copy of this document, and in accordance with the Certificate of Service, Defendant is providing notice to all parties in this action of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant respectfully requests that the within action, now pending in the Superior Court of New Jersey, Law Division, Essex County, Docket No. ESX-L-05489-21, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS P.C.
200 Connell Drive
Suite 2000
Berkeley Heights, New Jersey 07922
Attorney for Wingate Management Company, LLC

By: *s/ John F. Tratnyek*
John F. Tratnyek

Dated: August 23, 2021
4811-6887-2951, v. 1

# EXHIBIT A

**COSTELLO & MAINS, LLC**
By: Alicia R. Ivory
Attorney I.D. No. 109452014
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| TIEARRAH BADGER,<br><br>Plaintiff,<br><br>vs.<br><br>WINGATE MANAGEMENT COMPANY, LLC and JOHN DOES 1-5 AND 6-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>ESSEX COUNTY – LAW DIVISION<br><br>CIVIL ACTION<br><br>DOCKET NO: ESX-L-5489-21<br><br>SUMMONS |

**From The State of New Jersey to the Defendant Named Above:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153-deptyclerklawref.pdf. If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Clerk of the Superior Court

DATED: July 23, 2021

**Name of Defendant to be Served:**
**Address of Defendant to be Served:**

Wingate Management Company, LLC
c/o CT Corporation System
820 Bear Tavern Road
West Trenton, New Jersey 08628

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello
Attorney I.D. No. 024441991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| TIEARRAH BADGER, | SUPERIOR COURT OF NEW JERSEY |
| | ESSEX COUNTY – LAW DIVISION |
| Plaintiffs, | |
| | CIVIL ACTION |
| vs. | |
| | |
| WINGATE MANAGEMENT COMPANY, LLC and JOHN DOES 1-5 AND 6-10, | DOCKET NO: |
| | |
| Defendants. | COMPLAINT AND JURY DEMAND |

Plaintiff, Tiearrah Badger, residing in Newark, New Jersey, by way of Complaint against the Defendants, says:

### Preliminary Statement

This matter is brought under the New Jersey Law Against Discrimination ("LAD") alleging disability discrimination, perception of disability discrimination, failure to accommodate, and failure to engage in the interactive process.

### Identification of Parties

1. Plaintiff Tiearrah Badger is, at all relevant times herein, a resident of the State of New Jersey and was an employee of Defendant.

2. Defendant Wingate Management Company, LLC is, at all relevant times, a business entity operating in the State of New Jersey and was Plaintiff's employer.

1

3. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

## General Allegations

4. Plaintiff was employed by Defendant from in or around March 2018 until her unlawful termination on or about June 29, 2020.

5. Plaintiff was employed as the Assistant Property Manager at Defendant's Spruce Park property.

6. On or about September 22, 2019, Plaintiff was involved in a motor vehicle accident.

7. Following the accident, Plaintiff missed a few days of work.

8. Plaintiff was scheduled to undergo right knee orthoscopic surgery on or about March 4, 2020.

9. The surgery involved shaving down a portion of Plaintiff's right knee bone.

10. As a result, Plaintiff was disabled within the meaning of the LAD.

11. In addition and/or in the alternative, Plaintiff was perceived as disabled by Defendant.

12. Plaintiff's recovery time took longer than anticipated, due to the nature of the surgery and the delays in Plaintiff's access to physical therapy caused by the COVID-19 pandemic.

13. Throughout the duration of her recovery, Plaintiff remained in contact with Erica Reyes, Site Manager at the Spruce Park property.

14. Plaintiff requested that she be permitted to work from home as most of her duties were automated.

15. Upon information and belief, phone calls for Plaintiff could have been re-routed to her cell phone.

16. Plaintiff's request to work remotely was denied.

17. Instead, Plaintiff was informed she could perform no duties until she was completely cleared by her medical provider and Defendant was unwilling to discuss it further until said clearance was obtained.

18. Instead of offering a reasonable accommodation to Plaintiff or engaging in any interactive process, Plaintiff's employment was terminated.

19. Plaintiff was terminated on or about June 29, 2020.

20. A determinative and/or motivating factor in Defendant's decision to terminate the Plaintiff was Plaintiff's disability.

21. In addition and/or in the alternative, a determinative and/or motivating factor in Plaintiff's termination was Defendant's perception of or regarding Plaintiff's disability and her continued utility as an employee.

22. Plaintiff is further a member of a protected class as an individual who advanced her LAD rights and/or made a request for an accommodation as provided under the LAD.

23. Defendant failed to reasonably accommodate Plaintiff and failed to engage in any interactive process with Plaintiff to determine whether a reasonable accommodation was possible.

24. Plaintiff was subjected to adverse employment actions including her termination as a result of engaging in protected activity.

25. Because the actions of Defendant were undertaken by members of upper management and/or because members of upper management were willfully indifferent to the same and because those actions were especially egregious, punitive damages are warranted.

26. To the extent that there is any "mixed motive," Plaintiff need only show that a determinative and/or motivating factor in the conduct directed towards her was because of her membership of one of the protected groups set forth above.

## COUNT I

### Discrimination Based on Disability Under the LAD

27. Plaintiff hereby repeats and re-alleges paragraphs 1 through 26, as though fully set forth herein.

28. Plaintiff was subjected to discrimination based on her disability that had an adverse effect her employment.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT II

### Perception of Disability Discrimination Under the LAD

29. Plaintiff hereby repeats and re-alleges paragraphs 1 through 28, as though fully set forth herein.

30. For the reasons set forth above, Plaintiff was subjected to adverse employment actions based on Defendant's perception of or regarding disability and/or Plaintiff's continued utility as an employee in violation of the LAD.

4

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT III

### Failure to Accommodate

31. Plaintiff hereby repeats and re-alleges paragraphs 1 through 30, as though fully set forth herein.

32. Plaintiff requested a reasonable accommodation based upon her disability.

33. Defendants failed and refused to reasonably accommodate Plaintiff's disability, in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT IV

### Failure to Engage in the Interactive Process

34. Plaintiff hereby repeats and re-alleges paragraphs 1 through 33, as though fully set forth herein.

35. Plaintiff requested a reasonable accommodation for her disability.

36. Defendants failed and refused to engage in any interactive process in response to that request, in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT V
### Request for Equitable Relief

37. Plaintiff hereby repeats and re-alleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff requests the following equitable remedies and relief in this matter.

39. Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

40. Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

41. To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

42. Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

43. Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

6

44. Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

45. Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative; together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

Dated: July 14, 2021

By: */s/ Kevin M. Costello*
    Kevin M. Costello

## DEMAND TO PRESERVE EVIDENCE

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

COSTELLO & MAINS, LLC

By: /s/ Kevin M. Costello
     Kevin M. Costello

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

COSTELLO & MAINS, LLC

By: /s/ Kevin M. Costello
     Kevin M. Costello

## RULE 4:5-1 CERTIFICATION

1. I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2. I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

COSTELLO & MAINS, LLC

By: /s/ Kevin M. Costello
    Kevin M. Costello

## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby designated trial counsel.

COSTELLO & MAINS, LLC

By: /s/ Kevin M. Costello
    Kevin M. Costello

9

ESX-L-005489-21   07/14/2021 12:04:25 PM  Pg 1 of 1 Trans ID: LCV20211652840

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-005489-21

**Case Caption:** BADGER TIEARRAH VS WINGATE MANAGEMENT C OMPANY,
**Case Initiation Date:** 07/14/2021
**Attorney Name:** KEVIN MICHAEL COSTELLO
**Firm Name:** COSTELLO & MAINS, LLC
**Address:** 18000 HORIZON WAY STE 800
MT LAUREL NJ 080544319
**Phone:** 8567279700
**Name of Party:** PLAINTIFF : BADGER, TIEARRAH
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: TIEARRAH BADGER?** NO

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Employer/Employee

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
    If yes, for what language:

Please check off each applicable category: Putative Class Action? NO   Title 59? NO   Consumer Fraud? NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/14/2021                                                                                              /s/ KEVIN MICHAEL COSTELLO
Dated                                                                                                              Signed

ESX L 005489-21 07/15/2021 4:24:46 AM Pg 1 of 1 Trans ID: LCV20211658386

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK          NJ 07102

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 776-9300
COURT HOURS 8:30 AM - 4:30 PM

                DATE:    JULY 14, 2021
                RE:      BADGER TIEARRAH VS WINGATE MANAGEMENT COMPANY,
                DOCKET:  ESX L -005489 21

    THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 3.

    DISCOVERY IS 450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS: HON ANNETTE SCOCA

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    002
AT: (973) 776-9300 EXT 56908.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                ATTENTION:
                            ATT: KEVIN M. COSTELLO
                            COSTELLO & MAINS, LLC
                            18000 HORIZON WAY STE 800
                            MT LAUREL       NJ 08054-4319

ECOURTS